WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as trustee of the Plaintiff Taft-Hartley trust funds; Debra Margraf, as trustee of the Plaintiff Taft-Hartley trust funds; IBEW Local Union No. 640 and Arizona Chapter NECA Health & Welfare Fund, a Taft-Hartley trust; IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund, a Taft Hartley trust; National Electrical Benefit Fund, a Taft-Hartley trust; Phoenix Electrical Industry Joint Apprenticeship and Training Committee, a Taft-Hartley trust;<br><br>Plaintiffs,<br><br>vs.<br><br>SCH Electric L.L.C.,<br><br>Defendant. | No. CV-08-0874-PHX-LOA<br><br>**ORDER TO SHOW CAUSE** |

This matter arises on the Court's review of the file. Plaintiffs filed their Complaint on May 7, 2008. (docket #1)  On May 12, 2008, the Court issued a Notice of Assignment and Order giving Plaintiffs until May 8, 2008[1] within which to file their

---

[1] Page 2 of the Court's Notice of Assignment states that Plaintiffs shall have until May 28, 2008 within which to file their consents to the exercise of jurisdiction by a United States magistrate judge or elect to proceed before a United States district judge. However, page 3 Orders that Plaintiffs shall each file on or before May 8, 2008 their consents or elections. The Court's Notice of Assignment is dated May 12, 2008.

It was the Court's intent to give Plaintiffs until the May 28, 2008 deadline. Although there is a discrepancy in the deadlines set forth in the Court's Notice of Assignment, the last deadline has passed with no consents or elections having been received by the Court.  If there was a question as to the discrepancies, counsel for Plaintiffs has not brought it to the attention of the Court.

1 consents to the exercise of jurisdiction by a United States magistrate judge or elect to
2 proceed before a United States district judge.  (docket #4)   As of this date, Plaintiffs have
3 failed to file their written elections to either consent to magistrate judge jurisdiction or
4 elect to proceed before a United States district judge.

5 The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*,
6 mandates the early and on-going judicial management of the pretrial process. Under the
7 CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement
8 techniques and strategies designed to dispose of cases in an efficient and inexpensive
9 manner."  See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142
10 F.R.D. 420, 423 (D. Del.1992).  Additionally, federal judges "are subject to the injunction
11 of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the
12 just, *speedy* and inexpensive determination of every action.' " *Herbert v. Lando*, 441 U.S.
13 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added). Plaintiffs'
14 failure to timely comply with the Court's prior order is frustrating the speedy and
15 inexpensive resolution of this case.

16 Absent the express consent of all the parties, a United States magistrate judge
17 does not have the statutory or constitutional authority to try a civil case to judgment or
18 rule upon a dispositive motion. 28 U.S.C. §636(b)(1)(A). The Magistrates Act, however,
19 permits magistrate judges to conduct all proceedings in civil cases if the parties expressly
20 consent: "Upon consent of the parties, a . . . United States magistrate judge . . . may
21 conduct any or all proceedings in a jury or non-jury civil matter and order the entry of
22 judgment in the case, when specially designated to exercise such jurisdiction by the
23 district court or courts he serves." *Hanson v. Mahoney*, 433 F.3d. 1107, 1111 (9th Cir.
24 2006) (citing 28 U.S.C. § 636(c)(1));  *Gomez v. United States*, 490 U.S. 858, 865-872
25 (1989) (outlining the evolution of the Act). No precise written form is required to consent
26 to a magistrate judge or to elect an assignment of a civil case to a district judge. *Kofoed v.*
27 *IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), Advisory
28

1  Committee note. The Clerk, however, electronically provided Plaintiffs' counsel with an
2  appropriate consent/election form on May 8, 2008.[2]

3  Any party is free to withhold consent to magistrate judge jurisdiction and elect
4  to proceed before a district judge without adverse consequences. 28 U.S.C. 636(c)(2);
5  Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th
6  Cir.2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction"
7  under 28 U.S.C. § 636(c)).

8  Pursuant to *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial
9  courts have the inherent power to control their dockets and in the exercise of that power,
10 they may impose or recommend sanctions including, where appropriate, dismissal of a
11 case without prejudice) and the Court's inherent authority,

12 **IT IS ORDERED** that Plaintiffs show cause in writing on or before **Friday,**
13 **June 20, 2008** why Plaintiffs and/or their counsel should not be sanctioned pursuant to
14 Title 18 U.S.C. § 401, 28 U.S.C. § 636(e) and/or the Court's inherent authority for failing
15 to comply with the Court's prior order.  If Plaintiffs comply with the Court's May 12,
16 2008 Order **on or before 5:00 p.m. on Friday**, **June 20, 2008** or if Plaintiffs have
17 already done so but its consent or election has not yet been docketed by the Clerk, the
18 undersigned will automatically discharge and vacate this OSC without imposing any
19 sanctions.

20 DATED this 6th day of June, 2008.

21
22
23 Lawrence O. Anderson
   United States Magistrate Judge
24
25

---

26 [2] One may also find the consent/election form on the District's web site, click on "Local Rules"
27 at the top of the page, then click on "Forms" on the left side of the page and then click on and print the appropriate form. Consent/election forms are not to be e-filed; rather, they are to be filed in paper form
28 with the Clerk's Office. ECF Policies and Procedure Manual, II, ¶ M at p.19.

- 3 -