**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dean Wise, as Trustee of the Taft-Hartley trust funds; et al.,<br><br>              Plaintiffs,<br><br>vs.<br><br>SCH Electric, L.L.C.,<br><br>              Defendant. | No. CV-08-0874-PHX-LOA<br><br>**ORDER** |

       This matter arises on Plaintiffs' Motion for Entry of Default Judgment. (docket # 11) Since Plaintiffs' May 7, 2008 Complaint seeks injunctive relief and monetary damages for "contributions shown due" for February and March, 2008 and "since April 1, 2008," the Court is required to conduct a default evidentiary hearing due to the entry of default against Defendant by the Clerk. Rule 55(b)(2), FED.R.CIV.P. (docket # 1 and # 9)

       To assist the undersigned in conducting the subject hearing and establishing the correct amount of compensatory and appropriate injunctive relief to which Plaintiffs may be entitled, the Court will require Plaintiffs' counsel to timely file in advance of the subject hearing the following documents:

       1. Proposed Findings of Fact and Conclusions of Law,

       2. A Default Hearing Memorandum which sets forth the legal and

1 factual basis of all claims for damages and other requested relief, including citations to
2 appropriate authorities to support the damages and injunctive relief Plaintiffs seek from the
3 Court at the subject hearing; Plaintiffs' reasonable attorney's fees,[1] if requested in the
4 Complaint and authorized by law; and Plaintiffs' costs incurred herein.[2]

5       3. An appropriate affidavit for award of reasonable attorney's fees, if requested
6 and in the Complaint and authorized by law, and related non-taxable expenses in compliance
7 with Local Rule LRCiv 54.2(d) and (e), and,

8       4. A proposed Default Judgement[3] with specificity of the specific damages and
9 other relief sought; the amount of reasonable attorney's fees; and authorized non-taxable
10 expenses and costs specifically itemized therein.  The injunctive relief, if any, sought by
11 Plaintiff shall also be set forth therein.

12       Default judgments are governed by Rule 55 of the Federal Rules of Civil
13 Procedure. Under certain circumstances, a default judgment may be entered by the clerk of
14 the court. Fed. R. Civ. Proc. 55(b)(1). After a default has been entered by the clerk, the
15 well-pleaded factual allegations of a complaint are taken as true, except for those allegations
16 relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987);
17 *Discovery Communications, Inc. v. Animal Planet, Inc*., 172 F.Supp.2d 1282, 1288 (C.D.Cal.
18 2001). A plaintiff is required to prove all damages sought in the complaint. In addition, "[a]
19 default judgment must not differ in kind from, or exceed in amount, what is demanded in the
20 pleadings." Fed. R. Civ. P. 54(c).  The Ninth Circuit holds that a district court may consider
21 the following factors in exercising its discretion to award a default judgment:

---

[1] This memorandum shall comply with the motion requirements for an award of reasonable attorney's fees set forth in LRCiv) 54.2(d) and (e), Rules of Practice of the United States District Court for the District of Arizona.

[2] See, LRCiv 54.1(e).

[3] The proposed Judgment lodged with the Court is unacceptable due to a typographical error in the spelling of the Defendant in the caption.

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D.Cal. 2003).

Since the default damages hearing will be an on-the-record evidentiary hearing, Plaintiffs' counsel shall call one or more witnesses to prove Plaintiffs' damages and other relief sought in their Complaint, except that reasonable attorney's fees, non-taxable expenses, and costs shall be proven by appropriate affidavit.

Accordingly,

**IT IS ORDERED** hereby setting a default damages evidentiary hearing for **10:00 a.m. on Wednesday, August 27, 2008** before the undersigned at the Sandra Day O'Connor U.S. Courthouse, Courtroom 302, 401 W. Washington, Phoenix, Az. Allotted time: 1 hour. Plaintiffs' counsel shall file with the Court those default hearing documents itemized herein on or before **Monday, August 18, 2008** and provide copies to the undersigned's chamber's email box (anderson_chambers@azd.uscourts.gov)

DATED this 29th day of July, 2008.

Lawrence O. Anderson
United States Magistrate Judge