**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as Trustee of the Plaintiff Taft-Hartley trust funds; et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>SCH Electric, L.L.C.,<br><br>                Defendant. | No. CV-08-0874-PHX-LOA<br><br>FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW |

After conducting an evidentiary default damages hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court enters the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. Defendant, SCH Electric, L.L.C. (the "Employer"), at all times relevant herein, was and is transacting business within the State of Arizona as a construction contractor, with its principal offices location in Maricopa County, Arizona.

2. Defendant Employer, all times relevant herein, was and is bound by the terms of a collective bargaining agreement with Local Union No. 640 which is a labor organization within the meaning of the federal labor laws.

3. Plaintiff IBEW Local Union No. 640 and Arizona Chapter NECA Health &Welfare Fund, a Taft-Hartley Trust; IBEW Local Union No. 640 and Arizona Chapter

1 NECA Pension Fund, a Taft-Hartley Trust; National Electrical Benefit Fund, a Taft-Hartley
2 Trust; Phoenix Electrical Industry Joint Apprenticeship and Training Committee, a Taft-
3 Hartley Trust (collectively "Trust Funds") are each the designated payee of certain
4 contributions required to be made by each employer signatory to, and is bound by, a
5 collective bargaining agreement with Plaintiff IBEW Local Union 640.

6       4. Plaintiff Trust Funds were established pursuant to an Agreement and
7 Declaration of Trust which is incorporated by reference in said collective bargaining
8 agreement.

9       5. Plaintiffs Dean Wine and Debra Margraf (collectively "Trustees") are each
10 duly-appointed trustees for the various Plaintiff Taft-Hartley trust funds.

11       6. As an electrical contractor and a signatory to the Letter of Assent, Exhibit
12 1, signed on April 25, 2007, by Stan Halls, President, owner and authorized agent of
13 Defendant Employer, Defendant Employer "agrees to comply with, and be bound by, all of
14 the provisions contained in said current and subsequent approved labor agreements."

15       7. Defendant Employer is also required to comply with the 2005-2008 Inside
16 Agreement, Exhibit 4, between Plaintiff Local Union 640, International Brotherhood of
17 Electrical Workers, and the Arizona Chapter, National Electrical Contractors Association,
18 Inc.

19       8. The collective bargaining agreement, to which Defendant Employer is
20 bound, requires it to file a contribution report form, titled Monthly Payroll Report for
21 Electrical Contractors similar to Exhibits 2 and 3, on a monthly basis, with the administrator
22 of the various Plaintiff Trust Funds. In said contribution report form, Defendant Employer
23 is required to list the names of each employee performing work covered by said collective
24 bargaining agreement and the number of hours worked by each of Defendant Employer's
25 employees.

26       9. The collective bargaining agreement, which Defendant Employer is required
27 to follow, mandates participating employers to pay "fringe benefit" contributions, for the
28 funding of employees' retirement, health insurance, pension and apprenticeship training, to

1  each of the various Plaintiff Trust funds based on the number of hours worked by each of
2  Employer's employees.
3           10.  The applicable Agreements and Declarations of Trust provide that
4  Defendant Employer is required to pay liquidated damages in the event that Defendant
5  Employer fails to timely pay all fringe benefit contributions due and owing.
6           11. Defendant Employer failed to file reports for hours worked by its
7  employees for the months of  February, 2008 through and including July, 2008.
8           12. Defendant Employer failed to pay contributions for any covered work
9  performed by its employees for the months of February, 2008 through and including July,
10 2008.
11          13. As of today's date, Defendant Employer has failed to file a "Stop Card"
12 with the appropriate representative of  Plaintiffs in the event Defendant Employer is out of
13 business.
14          14. Plaintiffs have expressly consented in writing to magistrate-judge
15 jurisdiction pursuant to 28 U.S.C. § 636(c).  (docket # 8)
16          15. Plaintiffs' attorney's fees in the sum of  $200.00 per hour, totaling
17 $2060.00 to date for 10.3 hours and costs incurred herein in the sum of $350.00 are
18 reasonable and reasonably related to this lawsuit. ERISA § 502(g)(2)(D), 29 U.S.C. §
19 1132(g)(2)(D); *Lads Trucking Co. v Board of Trustees*, 777 F2d 1371 (9th Cir. 1985).
20
21                    **CONCLUSIONS OF LAW**
22 **A. Appropriateness of Rule 55, FED.R.CIV.P., Relief**
23          1. Defendant Employer has not appeared in this lawsuit and was properly
24 served with process on May 12, 2008. (docket # 5) The Clerk of Court has properly
25 entered Defendant Employer's default. (docket # 9)
26          2. After considering all the factors relevant to determining whether to enter
27 a default judgment, such factors favor entry of a default judgment in favor of Plaintiffs
28

1  and against the Defendant Employer. See, *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th
2  Cir. 1986).

3    3. In particular, entry of a default judgment against a non-responsive
4  employer which has not filed contribution reporting forms furthers Congress' intent that
5  trust funds enjoy a speedy right to recover delinquent contributions. *Kaiser Steel Corp. v.*
6  *Mullins*, 455 U.S. 72, 87(1982) (Congress enacted ERISA § 515 "because 'simple
7  collection actions brought by plan trustees [had] been converted into lengthy, costly and
8  complex litigation concerning claims and defenses unrelated to the employer's promise
9  and the plan's entitlement to the contributions,' and steps [had to] be taken to 'simplify
10 delinquency collection.'"). See, *International Painters and Allied Trades Union and*
11 *Industry Pension Fund v. H. W. Ellis Painting Company, Inc.,* 288 F. Supp 2d. 22 (D.D.C.
12 2003); *Flynn v. Jocanz, Inc*., 480 F. Supp. 2d 218 (D.D.C. 2007).

13 **B. Contract Claim**

14   4. Count One of the Complaint seeks to enforce the terms of a collective
15 bargaining agreement.  Accordingly, the Court has subject-matter jurisdiction pursuant to
16 Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185; *Hudson County*
17 *Carpenters Local Union No. 6 v. V.S.R. Construction Company*, 127 F. Supp. 2d 565
18 (Failure to make contributions to Taft-Hartley trust funds as required by collective
19 bargaining agreement constitutes violations of both 29 U.S.C. § 185 and 29 U.S.C. §
20 1145)

21   5. Plaintiff Trust Funds have standing to assert the claim as third-party
22 beneficiaries to the collective bargaining agreement. *Lewis v. Benedict Coal Corp*., 361
23 U.S. 459 (1960)(Employee benefit plans are third-party beneficiaries to collective
24 bargaining agreement); *Southwest Admrs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 773
25 (9th Cir. 1986).

26   6. Defendant Employer breached the terms of its collective bargaining
27 agreement by not filing contribution reporting forms for the months of February, 2008
28 through, and including, July, 2008.

7. Defendant Employer breached the terms of its collective bargaining agreement by not paying contributions for any hours of covered work performed during the months of February through July 2008.

**C. ERISA § 515 Claim**

8. Count Two of the Complaint arises under, and subject-matter jurisdiction is conferred upon this Court, by virtue of § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132.

9. ERISA § 515, 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

See, *Trustees of the National Automatic Sprinkler Industry Pension Fund v. Fairfield CountySprinkler Co.* 243 F. 3d 112 (2nd Cir. 2001) (ERISA § 515 creates independent federal right of action distinct from contract on which the duty to contribute and report is based.).

10. Plaintiff Trustees have standing to assert these claims. *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988) (liability created by ERISA § 515 may be enforced by the trustees of a plan by bringing an action in federal district court pursuant to ERISA § 502.); *Heffernan v. iCare Mgmt., LLC*, 356 F. Supp. 2d 141, 150 (D. Conn. 2005).

11. Defendant Employer breached ERISA § 515, 29 U.S.C. § 1145, by not filing contribution reporting forms for the months of February, 2008 through July, 2008.

12. Defendant Employer breached ERISA § 515, 29 U.S.C. § 1145, by not paying timely contributions for any hours of covered work performed during the months of February, 2008 through July, 2008.

**D. Remedy for Past Breaches**

1  13. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), establishes the remedy
2 against an employer which is delinquent in meeting its contractual obligations. The
3 statutory remedies include: a mandatory award of prejudgment interest plus liquidated
4 damages in an amount at least equal to that interest, as well as attorney's fees and costs.
5 *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S.
6 539, 547 (1988) (The legislative history of these provisions explains that Congress added
7 these strict remedies to give employers a strong incentive to honor their contractual
8 obligations to contribute and to facilitate the collection of delinquent accounts).

9  14. As Defendant Employer has not filed contribution reporting forms for
10 the months of February, 2008 through July, 2008, Plaintiffs cannot calculate the amount
11 due. Accordingly, given the Court's authority under, ERISA § 502(g)(2)(E), 29 U.S.C. §
12 1132(g)(2)(E), to grant such "other legal or equitable relief as the Court deems
13 appropriate," the Court concludes that it is fair and just to enter an order that Defendant
14 Employer **shall** file, within 10-days of service of certified copies of these Finding of Fact
15 and Conclusions of Law and Default Judgment upon its authorized agent, accurate
16 delinquent contribution reporting forms for the months of February, 2008 through July
17 2008 and **shall** pay all contributions shown to be due for such reported work for the
18 months of February, 2008 through July, 2008.

19  15. Upon receipt of said delinquent reporting forms, Plaintiffs will be
20 entitled to seek entry of Amended Judgment for the additional remedies afforded by
21 ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provided such request is timely filed in
22 writing herein within thirty (30) days of Plaintiffs' receipt of the delinquent contribution
23 reporting forms for the months of February, 2008 through July, 2008.

24  16. Entry of this order requiring prompt submission of the delinquent
25 reporting forms and payment of delinquent contributions is not intended to eliminate
26 Plaintiffs' right to consider demanding an audit should they reasonably question the
27 accuracy of the reporting forms submitted by the Defendant Employer. See, *Central*
28

- 6 -

*States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc*., 472 U.S. 559, 571 (1985). Where a trust fund elects to sue and obtain a judgement to recover delinquent contributions based on reports submitted without payment by an employer, the trust funds generally are precluded from subsequently demanding audit for the same time frame. *International Union of Operating Engineers-Employers Constr. Indus. Pension, etc. v. Karr*, 994 F.2d 1426 (9th Cir. 1993). Unless contrary to law, Plaintiffs are not, and should not be, forced to elect whether it is prudent to incur the cost of an audit absent the opportunity to first review the accuracy of Defendant Employer's representations in the submitted reporting forms and thereafter be penalized for seeking additional judicial relief from a non-compliant, recalcitrant employer.

**E. Prospective Relief**

17. The Court further finds that entry of an order requiring Defendant Employer to prospectively file timely contribution forms and timely pay contributions is appropriate under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), and constitutes such "other legal or equitable relief as the Court deems appropriate." *Flynn v. Jocanz, Inc*., 480 F.Supp.2d 218 (D.D.C. 2007).

**F. Attorney's Fees**

18. Plaintiffs are hereby awarded their reasonable attorney's fees incurred through today's date in the sum of $2060.00 and their costs incurred herein to date in the sum of $350.00 against Defendant Employer.

**G. Magistrate Judge Jurisdiction**

19. The Court further finds that this United States Magistrate Judge has jurisdiction to enter this default judgment against Defendant Employer who has neither consented to magistrate-judge jurisdiction nor appeared in this lawsuit for purposes of 28 U.S.C. § 636(c)(1). *United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an *in rem* civil forfeiture action wherein the plaintiff consented, magistrate judge had jurisdiction to enter a final judgment over defaulted-person who was

1  technically not a "party" to the litigation); *United States v. N. Golden State Blvd.*, 135
2  F.3d 1312, 1317 (9th Cir. 1998); *Giove v. Stanko*, 882 F.2d 1316, 1318 (8th Cir. 1989).
3       DATED this 27th day of August, 2008.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge